**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LEZLIE GARCIA,** ) | **CASE NO.  1:06-cv-1990** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **THIRD FEDERAL SAVINGS AND** ) | |
| **LOAN ASSOCIATION OF CLEVELAND,** ) | |
| ) | |
| Defendant. ) | |

Before the Court is Plaintiff's Motion For Leave To File First Amended Complaint to Add In State Law Claim Of Retaliation **(ECF No. 15)** ("Motion to Amend"), Plaintiff's Motion For Leave To Correct Her Memorandum in Opposition to Defendant's Motion to Dismiss **(ECF No. 17)** ("Motion to Correct"), and Defendant's Motion to Dismiss Count IV, In Its Entirety, And Counts I and III, In Part, of Plaintiff's Complaint **(ECF No. 4)** ("Motion to Dismiss").  For the following reasons, the Motion to Amend is **GRANTED**, the Motion to Correct is **GRANTED**, and the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiff Lezlie Garcia was employed by Defendant Third Federal Savings and Loan Association of Cleveland ("Third Federal") for approximately thirteen years. In July 2005, Garcia was diagnosed with sleep apnea, and she subsequently underwent two surgeries in an effort to relieve the condition. Her first surgery was on September 30, 2005, and the second was December 28, 2005. Pursuant to these two surgeries, Garcia requested, and was approved for, leaves of absence under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), which totaled approximately seven weeks. On the day Garcia returned from her second FMLA leave, January 18, 2006, Third Federal terminated her employment, citing "failure to discharge her management and leadership responsibilities in a manner consistent with Third Federal's guidelines and core values." (ECF No. 4, 3.) Garcia filed the instant action seven months later, on August 19, 2006, in which she alleged federal claims for violations of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and FMLA, as well as pendant state claims for disability discrimination in violation of the Ohio Civil Rights Act, R.C. § 4112 ("§ 4112"), and wrongful discharge in violation of public policy.

Third Federal filed its Motion to Dismiss on November 11, 2006, and Garcia filed a timely opposition brief thereto (ECF No. 5), to which Third Federal filed a timely reply brief (ECF No. 6). The Court conducted a Case Management Conference on January 11, 2007, at which the parties agreed on a Case Management Plan (the "Plan") (ECF No. 11). According to the Case Management Plan, the discovery deadline is August 10, 2007, dispositive motions are due by October 10, 2007, and pleading amendments were due by March 12, 2007. (ECF No. 11.)

March 12, 2007 came and went without any amended pleadings. However, on March 27, 2007, Garcia filed her Motion to Amend, requesting leave to add a state law Ohio Revised Code ("O.R.C.") § 4112 retaliation claim, citing case law about which counsel "recently learned" that arguably supported such a claim. (ECF No. 15, 1.) Third Federal filed an opposition brief (ECF No. 16), to which Garcia replied (ECF No. 19). Garcia filed her Motion to Correct on April 6, 2007. Twenty days later, Third Federal has not filed a brief in opposition to the Motion to Correct. The Court will first address Garcia's Motion to Amend and Motion to Correct, and then the Court will address Third Federal's Motion to Dismiss.

## II. LAW AND ANALYSIS

### A. Plaintiff's Motion to Amend and Motion to Correct

In her Motion to Amend, Garcia seeks to add a state law claim for retaliation, citing O.R.C. §§ 4112.02(I) and 4112.99. She alleges that Third Federal "harassed, retaliated against and discharged" her "in retaliation for seeking and taking an accommodation." (ECF No. 15, Ex. A.) In opposition to Garcia's Motion to Amend, Third Federal argues that the motion was untimely, and should therefore be denied. (See generally, ECF No. 16.) The Court disagrees. First, Fed. R. Civ. P. 15(a) permits parties to amend pleadings "by leave of court" and instructs the Court that "leave shall be freely given when justice so requires." Second, Local Rule 7.1(j) directly addresses the circumstances here. L.R. 7.1(j) reads: "Any motion . . . served and filed beyond the motion deadline established by the Court <u>may</u> be denied solely on the basis of the untimely filing." L.R. 7.1(j) (emphasis added). The Court interprets this rule to mean that

the motion deadline in the Plan is only the deadline for motions filed without leave of the Court, and that the Court has discretion to grant leave for motions filed after the Plan's deadline.

Third Federal will not be prejudiced by allowing Garcia to amend her Complaint. By doing so, Garcia simply alleges a retaliation claim in violation of Ohio state disability law, notice of which Third Federal must logically have had before filing its Motion to Dismiss. The operative facts giving rise to the retaliation claims were laid out in the Complaint, apparently to such a degree that Third Federal sought to have any retaliation claims dismissed in its Motion to Dismiss. The parties have only engaged in minimal written discovery at this point, no depositions have been taken or scheduled, and discovery does not close until August 10, 2007. Accordingly, Garcia may amend her Complaint to add as Count V her state law retaliation claim as written in Exhibit A of the Motion to Amend.[1]

Garcia's Motion to Correct is somewhat more problematic, in that she explicitly denied in her opposition brief that she alleged a retaliation claim in Counts I or III. (See ECF No. 5, 7.) In her Motion to Correct, Garcia reverses her position and explains why she believes claims under the ADA and O.R.C. § 4112 for retaliation for requesting an accommodation are viable. The effect of Garcia's Motion to Correct is that she now opposes Third Federal's Motion to Dismiss her retaliation claims on substantive grounds. As noted previously, Third Federal has not filed a brief opposing the substantive grounds of Garcia's ADA retaliation claim, nor sought leave to file a Sur-Reply brief in support of the Motion to Dismiss. The Court therefore grants Garcia's Motion to Correct, and turns to Third Federal's Motion to Dismiss.

---

[1]Third Federal seeks, *inter alia*, dismissal of any retaliation claim in Count III, i.e. a retaliation complaint premised on § 4112. The Complaint as amended contains the § 4112 retaliation allegation in Count V rather than Count III, and the Court accordingly will consider Third Federal's Count III arguments directed to Count V.

### B. Defendant's Motion to Dismiss

Third Federal, pursuant to Fed. R. Civ. P. 12(b)(6), moved to dismiss Count IV (public policy) in its entirety (ECF No. 4, 8), and "any retaliation component" of Counts I and III(V) (id. at 9) for failure to state a claim upon which relief can be granted.

### a. Legal Standard

In determining whether a complaint states a claim under Rule 12(b)(6), the Court must construe the complaint liberally in a light most favorable to the non-moving party, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), and accept as true the factual allegations contained in the pleading. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). In considering a Rule 12(b)(6) motion, the Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch*, 156 F.3d at 677 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### b. Count IV – Public Policy

Garcia alleges that her termination violated the state and federal public policies against wrongful discharge, disability discrimination and retaliation as protected by the ADA and O.R.C. § 4112. Third Federal argues that Garcia's public policy claim fails as a matter of law because the federal and state anti-discrimination statutes already provide Garcia with complete relief and adequately protect society's interests.

The Ohio Supreme Court has created an exception to the traditional employment-at-will doctrine, allowing a discharged employee to bring a tort action for wrongful discharge in

violation of public policy when the employee can prove, among other things, that her termination occurred under circumstances that would jeopardize a clear public policy. *See Wiles v. Medina Auto Parts*, 96 Ohio St. 3d 240, 242 (Ohio 2002). To state a claim for wrongful discharge in violation of public policy, a plaintiff must establish the following four elements: (1) a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element); (2) dismissing employees under the circumstances alleged by plaintiff would jeopardize the public policy (the *jeopardy* element); (3) plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element); and (4) the employer had no overriding legitimate business justification for the dismissal (the *overriding justification* element). *Collins v. Rizkana*, 73 Ohio St. 3d 65, 69-70 (Ohio 1995) (emphasis *sic*); *Wiles*, 96 Ohio St. 3d at 242. The first two elements are questions of law while the last two are questions of fact. *Collins,* 73 Ohio St. 3d at 70.

   Garcia cannot prove the second (jeopardy) element. To prove the jeopardy prong of the above inquiry, "the plaintiff must show that there is no other recourse or remedy available." *Carrasco v. NOAMTC INC.*, 124 Fed. Appx. 297, 304 (6th Cir. 2004) (citing *Wiles*, 96 Ohio St. 3d at 244). If there already exists a statutory remedy that adequately protects society's interests, there is no need to recognize a common law action for wrongful discharge. *Id*. In *Wiles,* the Ohio Supreme Court held that Ohio does not recognize a cause of action for wrongful discharge based solely on the public policy expressed in the FMLA because the statutory remedies in the FMLA adequately protect the public policy embedded in that Act. *Wiles*, 96 Ohio St. 3d at 246, 249.

The Ohio Supreme Court has not, however, addressed whether the same is true for claims of discrimination or retaliation under § 4112, and other Ohio courts have generated conflicting case law. Nevertheless, a number of courts in this state, following the logic in *Wiles*, have declined to recognize claims for wrongful discharge based on the public policy expressed in R.C. § 4112 on the grounds that the remedies under § 4112 provide sufficient relief to vindicate the policy goals set forth in that statute. *See e.g.*,*Gembus v. Metrohealth Sys.*, No. 1:06-CV-523, 2007 U.S. Dist. LEXIS 13327, *26 (concluding that § 4112.99 provided sufficient statutory remedies and thereby precluded plaintiff from asserting a public policy claim); *Barton v. Air Express Intl. USA, Inc.*, No. 1:06-CV-1885, 2007 U.S. Dist. LEXIS 19053, *5-6 (N.D. Ohio 2007) (plaintiff had adequate remedies through § 4112.02, the ADA, and the Pregnancy Discrimination Act); *Schirmer v. Enerfab, Inc.*, No. 1:04-CV-345, 2006 U.S. Dist. LEXIS 64344, *45-47 (S.D. Ohio 2006) (barring a public policy claim premised on a violation of ADA); *Kaltenmark v. K-Mart, Inc.*, No. 1:04-CV-2347, 2005 U.S. Dist. LEXIS 21699, *19, 2005 WL 2406147, *7 (N.D. Ohio Sept. 29, 2005) (barring a public policy claim premised on violations of Title VII and O.R.C. § 4112.02); *Barlowe v. AAAA Int'l Driving Sch., Inc.*, 2003 Ohio 5748, at P39, No. 19794, 2003 WL 22429543 (Ohio Ct. App. Oct. 24, 2003) ("remedies provided by R.C. 4112.99 provide broad relief which is sufficiently comprehensive to vindicate the policy goals set forth in that statute"); *Lewis v. Fairview Hosp.,* 806 N.E.2d 185 (Ohio Ct. App. 2004) (race discrimination); *Thaman v. OhioHealth Corp.,* No. 2:03-CV-210, 2005 WL 1532550 (S.D. Ohio June 29, 2005) (sex discrimination). *But see e.g., Bukta v. J.C. Penney Co., Inc.,* 359 F. Supp. 2d 649, 674 (N.D. Ohio 2004) (recognizing a claim for wrongful discharge based solely on the public policy expressed in the ADA and § 4112 because the Ohio Supreme Court has not held

-7-

that those particular statutes provide sufficient relief to an aggrieved employee); *Gessner v. Union,* 823 N.E.2d 1, 5 (Ohio Ct. App. 2004) (current state of Ohio law is not clear).

The Sixth Circuit has held that § 4112 provides an adequate remedy for violations of that statute such that a common law public policy claim based on alleged violations of § 4112 is not available to a plaintiff. *Carrasco*, 124 Fed. Appx. at 304. The Court is bound by the Sixth Circuit's *Carrasco* holding, at least to the extent that Garcia's public policy claim is premised on alleged violations of § 4112. Moreover, this Court agrees with the majority of Ohio courts that have concluded that the statutory remedies provided by § 4112 are sufficiently comprehensive to protect the policy objectives set forth therein. *See Kaltenmark*, 2005 WL 2406147, at *7. Section 4112 contains a broad remedial scheme that entitles an aggrieved employee to "damages, injunctive relief, or any other appropriate relief." *See* O.R.C. § 4112.99. Punitive damages may even be awarded if actual malice is shown. *Rice v. CertainTeed Corp*., 704 N.E.2d 1217, 1220-21 (Ohio 1999); *see also id*. at 1219 ("'Damages,' absent a restrictive modifier like 'compensatory,' 'actual,' 'consequential' or 'punitive,' is an inclusive term embracing the panoply of legally recognized pecuniary relief."). Because § 4112 provides adequate relief, Garcia's cause of action for wrongful discharge in violation of the public policy protected by § 4112 must be dismissed.

Similarly, the Ohio Supreme Court has not specifically addressed whether the ADA provides sufficient remedies to preclude an Ohio public policy claim premised on alleged ADA violations, whether discrimination or retaliation. The Court, however, agrees with the Ohio courts that have concluded that such claims are not cognizable. *See, e.g.*, *Barton*, 2007 U.S. Dist. LEXIS 19053, *5-6; *Schirmer*, 2006 U.S. Dist. LEXIS 64344, *45-47; *Dillbeck v.*

*Huntington Nat'l Bank*, No. 2:03-CV-0689, 2005 U.S. Dist. LEXIS 10273, 2005 WL 1266690 (S.D. Ohio May 26, 2005) (unreported case) (relying on *Wiles* and holding that "the statutory remedies that exist under the ADA and O.R.C. § 4112 are adequate to protect society's interest in discouraging employers from engaging in discrimination and further provide sufficient compensation to the victims of such discrimination."); *Kolcun v. Nationwide Ins. Co.*, No. C2-04-CV-1079, 2006 U.S. Dist. LEXIS 32835, 2006 WL 1447299 (S.D. Ohio May 24, 2006 (unreported case) (same).

In sum, if Garcia's factual allegations are proven to be true, she has adequate remedies available through the ADA and O.R.C. § 4112, whether the alleged discrimination or retaliation constitutes the underlying policy concerns. Therefore Garcia's claim in Count IV, for wrongful discharge in violation of the public policy protected by the ADA and O.R.C. § 4112, fails as a matter of law, and is appropriately dismissed.

### c. Counts I and III(V) – Retaliation

In addition to raising a claim for disability discrimination under the ADA and R.C. § 4112, the Amended Complaint alleges retaliation claims pursuant to the ADA (Count I) and § 4112 (Count V). Third Federal bases its Motion to Dismiss the ADA and § 4112 retaliation claims on the argument that Garcia "does not allege that she engaged in protected activity before her discharge." (ECF No. 4, 8-9.) Garcia contends that she requested FMLA leave as a "reasonable accommodation" for her alleged disability, and that requesting accommodations is a protected activity under the ADA and § 4112.

To state a claim of retaliation under the ADA, Garcia must offer evidence that (1) she engaged in a protected activity; (2) her engagement in that protected activity was known to

her employer; (3) her employer, thereafter, took an adverse employment action against her; and (4) a casual link exists between her engagement in the protected activity and the adverse employment action. *Clark v. City of Dublin*, 178 Fed. Appx. 522, 525 (6th Cir. 2006) (citing *Kuriatnyk v. Twp. of Bazetta, Ohio*, 93 Fed. Appx. 683, 686 (6th Cir. 2004); *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000) (applying the same standard under Title VII)). To establish a causal connection, Garcia must offer direct evidence of retaliation, or knowledge coupled with closeness in time that creates an inference of causation. *Nguyen*, 229 F.3d at 566 (citing *Parnell v. West*, No. 95-2131, 1997 U.S. App. LEXIS 12023, 1997 WL 271751, *2 (6th Cir. 1997). The Sixth Circuit has stated that "there may be circumstances where evidence of temporal proximity alone would be sufficient to support that inference [of causation]" when the proximity of time is rather short. *Nguyen*, 229 F.3d at 566-67.

The critical consideration here is whether requesting reasonable accommodations constitutes protected activity for purposes of a retaliation claim, a question as yet unanswered by the Sixth Circuit. At least six other circuits, however, have recognized that requesting reasonable accommodations is protected activity for purposes of an ADA retaliation claim,[2] as has another district court in the Northern District of Ohio. *See Freadman v. Metro. Prop. & Cas. Ins. Co.*, No. 06-1486, 2007 U.S. App. LEXIS 8823, *38 (April 18, 2007 1st Cir.) ("Requesting an accommodation is protected conduct for purposes of the ADA's retaliation provision.") (citing *Wright v. COMPUSA, Inc.*, 352 F.3d 472, 478 (1st Cir. 2003) ("We now hold that

---

[2]The burden for establishing a retaliation claim under O.R.C. § 4112 is identical to the burden for establishing retaliation under the federal employment laws. *See Bukta*, 359 F. Supp. 2d at 671, n. 15 (citing *Moorer v. Copley Twp.*, 98 F. Supp. 2d 838 (N.D. Ohio 2000) (in turn citing *Chandler v. Empire Chem., Inc.*, 99 Ohio App. 3d 396, 402, 650 N.E.2d 950 (Ohio App. 9 Dist. 1994)).

requesting an accommodation is protected activity for the purposes of § 12203(a)"); *Mayers v. Laborers' Health & Safety Fund of N.Am.*, 478 F.3d 364, 369 (March 29, 2007 D.C. Cir.) ("[Plaintiff's] only potentially viable claim is that [Defendant] increased her workload and tightened her deadlines in retaliation for her seeking reasonable accommodation for her arthritis."); *Cassimy v. Bd. of Educ. of Rockford Pub. Sch.*, 461 F.3d 932, 938 (7th Cir. 2006) (plaintiff "engaged in statutorily protected expression when he requested an accommodation"); *Heisler v. Metro. Council*, 339 F.3d 622, 632 (8th Cir. 2003) ("Requesting an accommodation is a protected activity" under the ADA) (citing *Shellenberger v. Summit Bancorp*, 318 F.3d 183, 191 (3d Cir. 2003) ("The right to request an accommodation in good faith is no less a guarantee under the ADA than the right to file a complaint with the EEOC"); *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 706, n. 3 (4th Cir. 2001) (reasoning that "the first protected activity capable of grounding an ADA retaliation claim is [Plaintiff's] request for reasonable accommodation"); *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1266 (10th Cir. 2001) (affirming summary judgment for defendant employer because plaintiff employee offered insufficient evidence of a causal connection between employer's adverse employment actions and employee's requests for reasonable accommodation). *See also*, *Kovac v. Lowe's Home Ctrs.,Inc.*, 2006 U.S. Dist. LEXIS 37214, No. 5:05-CV-2276 ( June 7, 2006 N.D. Ohio) ("The plaintiff engaged in protected activity by requesting accommodations.")

Based on this heavily persuasive authority, the Court concludes that requesting a reasonable accommodation is protected activity for purposes of a retaliation claim. Therefore accepting, as the Court must, that the allegations in Garcia's Amended Complaint are true, she has demonstrated all the elements necessary to make out a retaliation claim; (1) she requested a

reasonable accommodation in the form of FMLA leave; (2) Third Federal obviously knew that she requested and took the FMLA leave, as the leave was approved; (3) Third Federal terminated her employment; and (4) the termination occurred at the same time that she was to return from the leave. Accordingly, the Court denies Third Federal's Rule12(b)(6) Motion to Dismiss any retaliation claims premised on the ADA or O.R.C. § 4112.

### C. CONCLUSION

For the reasons given above, the Court hereby **GRANTS** Garcia's Motion to Amend **(ECF No. 15)**, **GRANTS** Garcia's Motion to Correct **(ECF No. 17)**, and **DENIES IN PART** and **GRANTS IN PART** Defendant Third Federal's Motion to Dismiss **(ECF No. 4)**. Accordingly, the remaining counts are as follows: Count I (ADA discrimination and retaliation); Count II (FMLA discrimination and retaliation); Count III (discrimination in violation of O.R.C. § 4112.01 *et seq.*); and Count V (retaliation in violation of O.R.C. § 4112.01 *et seq.*).

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster    April 26, 2007*
**Dan Aaron Polster**
**United States District Judge**